IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 02-10155-02-JTM

ISIDRO MORENO,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motion for Leave to Proceed In Forma Pauperis (hereafter "IFP") (Dkt. No. 50) and Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (Dkt. No. 51). After reviewing the relevant filings, the court grants in part and denies in part defendant's Motion to Proceed IFP and denies defendant's Motion to Vacate.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Defendant Isidro Moreno asks the court to grant a Motion for Leave to Proceed IFP and grant access to the plea and sentencing transcript. Federal guidelines to proceed IFP are set forth in 28 U.S.C. § 1915(a). The statute provides:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit ...that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). Proceeding in forma pauperis in a civil case "is a privilege, not a right-- fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir.1998), cert.

denied, 526 U.S. 1008, 119 S.Ct. 1150, 143 L.Ed.2d 216 (1999)).  The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.  Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr.23, 1999), cert. denied, 531 U.S. 832, 121 S.Ct. 86, 148 L.Ed.2d 47 (2000).  In reviewing an in forma pauperis application, the court examines the applicant's inability to pay court costs.  See 28 U.S.C. § 1915(a).  If payment of court fees will deprive an applicant or his dependents of the necessities of life, then the court should grant the IFP application.  Temple v. Ellerthorpe, 586 F.Supp. 848, 850-51 (D. R.I. 1984).  But, if the applicant has the wherewithal to pay at  least some of the court costs without the deprivation of basic needs, then he should be required to pay.  Id.  Based on a review of Mr. Moreno's assets, the court finds that he may proceed in forma pauperis.  The court, however, denies defendant's request for the plea and sentencing transcript because it is not properly brought.

## II. MOTION TO VACATE

In the motion to vacate, defendant argues that he received ineffective assistance of counsel because his attorney did not argue that his sentence should run concurrently or for less time.  Defendant also alleges that his attorney did not "argue the case on the date of judgment" and "made [defendant] plead guilty just for convenience."   The government argues that the court should dismiss defendant's motion because it is untimely and defendant waived his right to file such a motion under the plea agreement.  In the alternative, the government argues that defendant has not met his burden of proof to make a claim of ineffective assistance of counsel.

### A. Background

On October 2, 2003, a grand jury indicted the defendant, along with co-defendant Jose

Martinez, on one count of distributing approximately 210 grams of methamphetamine on April 19, 2002 (Count 1); one count of distributing approximately 223 grams of methamphetamine on April 25, 2002 (Count 2); and one count of distributing approximately 263 grams of methamphetamine on May 14, 2002 (Count 3).

On April 1, 2003, pursuant to a plea agreement, the defendant entered a guilty plea to Count 3. The plea agreement stated that the sentence to be imposed was not less than five years and not more than forty years. The defendant agreed that the conduct charged in any dismissed counts of the indictment would be considered, as well as other uncharged related criminal activity, as relevant conduct for purposes of calculating the offense level for Count 3 in accordance with the U.S. Sentencing Guidelines. The defendant agreed that the sentence imposed would be determined solely by the U.S. District Judge. The defendant waived his right to appeal or collaterally attack any matter in connection with the prosecution and sentence.

The pre-sentence investigative report (hereafter "PIR") found a total offense level of 34 and a criminal history category of I with a guideline range of 151 to 188 months. Defendant's counsel filed two objections to the PIR, objecting to the version of the facts set forth in the PIR and objecting to the addition of two points for directing the transaction. On July 29, 2003, the undersigned sentenced defendant to 151 months in prison, to be followed by 4 years of supervised release. The defendant did not file a direct appeal. On November 10, 2005, the defendant filed a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel.

**B. Analysis**

The Antiterrorism Effective Death Penalty Act (hereafter "AEDPA") governs a motion to vacate filed pursuant to 28 U.S.C. § 2255. The statute sets a one year limitation period for

federal prisoners seeking habeas relief.  In relevant part, the statute provides that the limitation period will run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Based on defendant's motion, only subsection one applies.  Since the court sentenced the defendant on July 29, 2003, and defendant did not file an appeal, defendant's limitation period has already run.  Therefore, defendant's present motion, which was filed on November 10, 2005, is untimely.

Additionally, defendant knowingly and voluntarily waived his right to appeal or collaterally attack his prosecution and sentence in his plea agreement. United States v. Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003) (noting that the "language of the plea agreement itself" is generally sufficient to show the scope of the waiver and whether the content of the agreement was made known to the defendant). While the plea agreement permits defendant to raise the issue of ineffective assistance of counsel in limited circumstances, defendant did not timely or properly raise this issue.  See 28 U.S.C. § 2255; United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).  In United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), the Tenth Circuit held the court must conduct a three-part analysis of the waiver and determine:

> (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waive his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.

Hahn, 359 F.3d at 1325. The court finds the dispute falls within the scope of waiver because defendant does not specifically argue that his attorney was ineffective in negotiating his plea agreement. Instead, he argues that his attorney should have appealed his sentence. The record indicates that the defendant entered into the plea agreement knowingly and voluntarily. Finally, there appears to be no miscarriage of justice with the enforcement of the waiver. Therefore, the waiver in the plea agreement precludes the defendant from filing a § 2255 motion.

Even if the court were to consider the ineffective assistance of counsel claim, there appears to be no evidence of actual ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1988). Defendant has not shown that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is also no evidence that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Rather, defendant's motion appears to misapprehend the facts. Defendant had been indicted on three counts of distributing methamphetamine. Defendant pled guilty on one count. As noted previously, the plea agreement set forth a sentence of not less than five years and not more than forty years, and the defendant agreed that the conduct charged in any dismissed counts of the indictment would be considered as relevant for purposes of calculating the offense level. The defendant was not sentenced on two counts, but on one count at the low end of the guideline range based on his criminal history. There is nothing in the record to support the defendant's allegation that he was later charged with conspiracy and sentenced on a second count.

IT IS ACCORDINGLY ORDERED this 25th day of January 2006, that the court grants in part and denies in part defendant's Motion to Proceed IFP and denies defendant's Motion to Vacate (Dkt. No. 51).

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE